IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MABRY, | : | CIVIL ACTION NO. **3:CV-13-1258** |
| | : | |
| Petitioner | : | (Judge Munely) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN J. GRANDOLSKY, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I.   Background.**

On May 8, 2013, Petitioner, James Mabry, a federal inmate confined at Federal Medical Center-Devens ("FMC-Devens"), Ayer, Massachusetts,[1] filed, *pro se*, a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the U.S. District Court for the Middle District of Pennsylvania. (Doc. 1). Petitioner also filed a Memorandum in support of his habeas petition. (Doc. 2). Further, Petitioner filed an application to Proceed *In Forma Pauperis*. (Doc. 3). Petitioner is challenging his March 9, 2006 judgment of conviction and 210-month prison sentence imposed in U.S. District Court for the Middle District of Pennsylvania on the charge of possession of intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §841(a)(1). *See United States v. Mabry*, 4:04-CR-0120, M.D. Pa. Petitioner claims that the Government violated his Fifth Amendment due process right and his rights under *Brady v Maryland*, 373 U.S. 83 (1963), by failing

---

[1] FMC-Devens, Ayer, Massachusetts is in the District of Massachusetts. Thus, we will recommend that the Court transfer this case to the District of Massachusetts since we find the Middle District of Pennsylvania is the improper venue.

to disclose exculpatory evidence prior to his guilty plea, and that his trial counsel was ineffective.

Petitioner names as sole Respondent is J. Grondolsky, Warden at FMC-Devens.[2] Petitioner's habeas petition has not yet been served on Respondent for a response. We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). See *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

We find that the Court should transfer this case to the District of Massachusetts since Petitioner is confined there and since the Middle District of Pennsylvania is the improper venue.

## II.    Discussion.

We find that Petitioner's §2241 habeas petition should be transferred to the District Court for the District of Massachusetts since Petitioner is confined in this District.

---

[2]Petitioner names the correct Respondent since Petitioner is presently confined in FMC-Devens and since Warden Grondolsky of FMC-Devens has custody of Petitioner. See 28 U.S.C. §2242 and §2243; see also *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Venue of Petitioner's habeas petition is in the U.S. District Court for the District of Massachusetts since Petitioner is incarcerated in that District. See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In *Wynn v. Dodrill*, 2009 WL 4249854, *2 (E.D. Pa. Nov. 12, 2009), the Court stated:

Pursuant to 28 U.S.C. § 2241, a district court is authorized to issue a writ of habeas to a petitioner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A writ of habeas corpus may be filed pursuant to § 2241 when a petitioner is challenging the execution of his sentence rather than the validity of the underlying conviction. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir.2001); *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir.1976); *United States v. Addonizio*, 442 U.S. 178, 185–88, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). However, a district court's jurisdiction to entertain such a petition is "territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district." *Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir.1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

In *Rumsfeld, supra,* the United States Supreme Court interpreted the provisions of 28 U.S.C. § 2241(a), which provides that a district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district. 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by ... the district courts ... within their respective jurisdictions."). The Court held that "the plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. The Court further stated that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

In the present case, jurisdiction over Petitioner Mabry's habeas petition is proper in the District of Massachusetts, where Petitioner is confined. See *Wynn v. Dodrill, supra* (citations omitted).

Thus, since Petitioner Mabry is confined in the District of Massachusetts, we will recommend that the Court transfer this case to the U.S. District Court for the District of Massachusetts, in the interests of justice pursuant to 28 U.S.C. §1404(a). See *Wynn v. Dodrill, supra* (citations omitted).

In *Washington v. Grace*, 2010 WL 4922912, *10-*11 (M.D. Pa. 11-9-10), the Court stated:

When it appears that a case has been brought in the wrong venue, there

are two potential remedies available to the Court. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought.

28 U.S.C.. § 1406(a).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotations omitted). Although the court has discretion to transfer venue, "a motion to transfer is not to be liberally granted."*Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp.2d 638, 640 (E.D. Pa. 2003)."

Therefore, we will recommend that the Court transfer Petitioner Marby's habeas petition to the U.S. District Court for the District of Massachusetts, pursuant to §1404(a), the place where Petitioner is confined. *See Wynn v. Dodrill, supra.* Furthermore, we recommend that the Court defer to the transferee court for ruling on Petitioner's *in forma pauperis* Motion.

**III.     Recommendation.**

Based on the foregoing, it is respectfully recommended that the Court transfer Petitioner Marby's habeas petition **(Doc. 1)** to the U.S. District Court for the District of Massachusetts, pursuant to §1404(a), the place where Petitioner is confined. It is also recommended that the Court defer to the transferee court for ruling on Petitioner's *in forma pauperis* Motion. **(Doc. 3).**

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 14, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MABRY, | : | CIVIL ACTION NO. **3:CV-13-1258** |
| | : | |
| Petitioner | : | (Judge Munely) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN J. GRANDOLSKY, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated May 14, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

Dated: May 14, 2013